**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| David Redman, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.   1:15-cv-858 |
| Smith & Cohen, LLC, a Delaware limited ) liability company, and Brightwater ) Capital, LLC, a Florida limited liability ) company, ) ) | |
| Defendants. ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, David Redman, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3.     Plaintiff, David Redman ("Redman"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which he allegedly owed for an HH Gregg account.

4.      Defendant, Smith & Cohen, LLC ("Smith"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Smith operates a nationwide debt collection business and attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Defendant Smith was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Brightwater Capital, LLC ("Brightwater"), is a Florida limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant Brightwater operates a nationwide debt collection business and attempts to collect debts from consumers, including consumers in the State of Indiana.  In fact, Defendant Brightwater was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Brightwater is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant Smith.

7.      Defendant Brightwater is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, both Defendants conduct business in Indiana.

8.      Defendant Brightwater is licensed as debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached

as Exhibit <u>B</u>.  In fact, both Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9.      Mr. Redman fell behind on paying his bills, including a debt he allegedly owed for an HH Gregg account.  Plaintiff is informed and believes through counsel that at some point in time after that debt became delinquent, it was allegedly acquired by Brightwater, which began trying to collect upon it by having Defendant Smith send Mr. Redman an initial form collection letter, dated July 17, 2014.  This collection letter stated: "Original Issuer: HH Gregg" and then stated "Client: Brightwater Capital, LLC". Defendants' letter further stated "Our client, Brightwater Capital, LLC has contracted our services to represent them with regard to your delinquent HH Gregg account in the amount of $2,229.08".  Defendants' letter failed to explain what the relationship or difference was between the "Original Issuer" and the "Client", or which one of these entities was the creditor to whom the debt was owed.  A copy of Defendants' letter is attached as Exhibit <u>C</u>.

10.      A simple statement that "Brightwater Capital, LLC had bought the debt", or that it was the "current" creditor, or that the debt was owed to Brightwater, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

11.      Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12.      Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692g of the FDCPA requires that, within 5 days of Defendants'

first communication to a consumer, they had to provide Mr. Redman with an effective

validation notice, containing, among other disclosures, "(2) the name of the creditor to

whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15.     Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA

because they failed to identify effectively that Defendant Brightwater was the current

creditor to whom the debt was owed.  See, Braatz v. Leading Edge Recovery Solutions,

2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, 2012

U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); and, Deschaine v. National Enterprise Systems,

2103 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013).

16.     Defendants' violation of § 1692g of the FDCPA renders them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

17.     Plaintiff, David Redman, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Indiana from whom

Defendants attempted to collect a delinquent consumer debt allegedly owed originally

for an HH Gregg account, via the same form collection letter (Exhibit C), that

Defendants sent to Plaintiff, from one year before the date of this Complaint to the

present.  This action seeks a finding that Defendants' form letter violates the FDCPA,

and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

4

18.    Defendants Smith and Brightwater regularly engage in debt collection, using the same form collection letter they sent Plaintiff Redman, in their attempts to collect delinquent consumer debts from other consumers.

19.    The Class consists of more than 35 persons from whom Defendants Smith and Brightwater attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Redman.

20.    Plaintiff Redman's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22.    Plaintiff Redman will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be

established by common proof.  Moreover, Plaintiff Redman has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, David Redman, individually and on behalf of all others similarly situated, prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Redman as Class Representative of the Class, and his attorneys as Class Counsel;

3.      Find that Defendants' form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Redman and the Class, and against Defendants Smith and Brightwater, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, David Redman, individually and on behalf of all others similarly situated, demands trial by jury.

> David Redman, individually and on
> behalf of all others similarly situated,
>
> By: /s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated:  June 1, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com